Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Yolanda Jackson,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
YOLANDA JACKSON, on behalf of herself　　　　　Civil Action No.
and all others similarly situated

　　　　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　　　**CLASS ACTION**
　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

　　v.

FIRST NATIONAL COLLECTION
BUREAU, INC. and PINNACLE CREDIT
SERVICES, LLC

　　　　　　　　　　Defendant.
---------------------------------------------------------X

　　　　Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against

Defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all

others similarly situated, alleges as follows:

**INTRODUCTION**

1. Yolanda Jackson ("Plaintiff"), on her own behalf and on behalf of the class she seeks to

　　represent, brings this action to secure redress for the debt collection practices utilized by First

　　National Collection Bureau, Inc. ("FNCB") and Pinnacle Credit Services, LLC ("PCS)

(collectively "Defendants") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
   i. The acts giving rise to this lawsuit occurred within this District; and
   ii. Defendants do business within this District.

## PARTIES

7. Plaintiff, Yolanda Jackson, is an individual natural person who at all relevant times resided in the City of Union, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, PCS, is a Limited Liability Company, with its principal place of business located at 7900 Highway 7 Suite 100 Minneapolis, MN 55426.

10. PCS is a purchaser of defaulted debt. PCS pays less than ten cents on the dollar for the debt and then seeks to collect the full amount.

11. PCS is a purchaser of defaulted debt. MF pays less than ten cents on the dollar for the debt and then seeks to collect the full amount.

12. The principal purpose of PCS is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of PCS's business.

14. Debt collection is PCS's only business.

15. PCS exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

16. PCS does not offer or extend credit, they only purchase defaulted debt and then attempt to collect said debt.

17. PCS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

18. Defendant FNCB is a Corporation with its principal place of business located at 610 Waltham Way Sparks, NV 89434.

19. The principal purpose of FNCB is the collection of debts using the mail and telephone.

20. FNCB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. FNCB is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

22. Sometime prior to January 1, 2016, Plaintiff allegedly incurred a financial obligation to Verizon Wireless (the "Debt").

23. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal cellular phone account in Plaintiff's name.

24. The Debt arose out of a cellular phone account which Plaintiff opened for her personal use.

25. Plaintiff's Verizon Wireless account was neither opened nor used by Plaintiff for business purposes.

26. Plaintiff's personal cellular phone obligation to Verizon Wireless is a "debt" as defined by 15 U.S.C. §1692a(5).

27. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

28. At some time prior to October 5, 2016, the Debt was purchased by and/or sold to PCS.

29. At the time the Debt was purchased by and/or sold to PCS, the Debt was in default.

30. On or before October 5, 2016, PCS referred the Debt to FNCB for the purpose of collections.

31. FNCB contends that the Debt is past-due and in default.

32. At the time PCS referred the Debt to FNCB, the Debt was past-due.

33. At the time PCS referred the Debt to FNCB, the Debt was in default.

34. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

35. On or about October 5, 2016, FNCB mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as **Exhibit A** is a true copy of the letter dated October 5, 2016 sent by FNCB to Plaintiff, except the undersigned counsel has in accordance with

Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy).

36. FNCB mailed the October 5, 2016 letter attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

37. FNCB mailed the October 5, 2016 letter attached as <u>Exhibit A</u> at the direction and request of PCS.

38. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

39. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

40. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

41. <u>Exhibit A</u> seeks to collect the Debt.

42. <u>Exhibit A</u> conveyed information regarding the Debt including the balance due, account/reference number, current creditor, and a demand for payment.

43. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

44. The letter attached as <u>Exhibit A</u> is the first written communication Plaintiff received from either Defendant.

45. The letter attached as <u>Exhibit A</u> is the first written communication either Defendant sent to Plaintiff regarding the Debt.

46. <u>Exhibit A</u> provides the following information regarding the balance claimed due on the Debt:

    Total Due: $2,506.07

47. <u>Exhibit A</u> does not itemize or breakdown the amount of the Debt by principal, interest, fees, and other charges.

48. The outstanding balance claimed to be due by Defendants on the Debt as of October 5, 2016 included an amount for interest.

49. The outstanding balance claimed to be due by Defendants on the Debt as of October 5, 2016 included an amount for other charges besides interest and in addition to the principal balance.

50. <u>Exhibit A</u> did not inform Plaintiff that the amount of the Debt included an amount for interest and/or other charges.

51. Defendants are not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute. *See* N.J. Stat. Ann. § 17:11C-1 *et seq*.

52. At all times relevant to this matter, FNCB has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

53. At all times relevant to this matter, FNCB has not held a license issued by the New Jersey Department of Banking and Insurance.

54. FNCB has never held a license under authority of the New Jersey Consumer Finance Licensing Act ("NJCFLA") authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

55. At all times relevant to this matter, PCS has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

56. At all times relevant to this matter, PCS has not held a license issued by the New Jersey Department of Banking and Insurance.

57. PCS has never held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

58. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." *See* N.J. Stat. Ann. § 17:11C-2.

59. "<u>No person</u> shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act." *See* N.J. Stat. Ann. § 17:11C-3 (emphasis added).

60. At no time was FNCB authorized to charge or add interest to the Debt.

61. At no time was FNCB authorized to collect interest on the Debt.

62. At no time was PCS authorized to charge or add interest to the Debt.

63. At no time was PCS authorized to collect interest on the Debt.

64. FNCB was not permitted by law to add interest, late charges or other charges to the balance of the Debt.

65. PCS was not permitted by law to add interest, late charges or other charges to the balance of the Debt.

66. As FNCB never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the Debt.

67. As PCS never obtained the appropriate license under the New Jersey Consumer Finance Licensing Act, it was prohibited from attempting to collect on the Debt.

68. Since PCB was not a licensed consumer lender in New Jersey, it was not allowed to collect interest or other charges from Plaintiff.

69. However, Defendants have attempted to collect interest, late payments or other charges from Plaintiff.

70. Plaintiff did not owe either PCB or FNCB interest, late payments or other charges.

71. Defendants are not permitted to engage in the "consumer loan business" since they did not first obtain a license pursuant to the NJCFLA. *See* N.J. Stat. Ann. § 17:11C-2 to -3.

72. Accordingly, Defendants attempts to collect Plaintiff's Debt allegedly owed to PCB, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA.

73. PCB was not entitled to seek payment nor collect interest or other charges for any consumer loans, including Plaintiff's Debt, since it was not a New Jersey licensed consumer lender at the time <u>Exhibit A</u> was mailed to Plaintiff. *See,* <u>Veras v. LVNV Funding, LLC</u>, 2014 WL 1050512 (D.N.J. Mar. 17, 2017).

74. FNCB was not entitled to seek payment nor collect interest or other charges on behalf of PCB for the Debt.

75. Defendants communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

76. Defendants failure to provide accurate information inured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

77. FNCB's debt collection practice is largely automated and utilizes standardized form letters.

78. On information and belief, the October 5, 2016 letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by FNCB at PCB request, and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

79. FNCB mailed or caused to be mailed letters in the form of <u>Exhibit A</u> over the course of the past year to hundreds of New Jersey consumers from whom FNCB attempted to collect a consumer debt owed to PCB.

80. Defendants used the same procedures they used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey consumers.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692e)

81. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

82. By attempting to collect consumer debts without a license to do so under the NJCFLA, by attempting to collect amounts not permitted by law or contract, and by misstating the amount due, Defendants violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10).

83. The FDCPA at 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>  (2) The false representation of –

>> (A) the character, amount, or legal status of any debt; or

>  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

84. New Jersey law required PCB to obtain a license before purchasing the Debt and PCB did not obtain such a license. Therefore, Defendants made false or misleading representations in attempting to collect the Debt through the collection letter attached as Exhibit A, in violation of 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692(e)(10).

85. The form, layout and content of FNCB's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the Debt.

86. The form, layout and content of FNCB's letter would cause the least sophisticated consumer to believe, erroneously, that Defendants had the legal authority to collect the Debt and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

87. Defendants violated 15 U.S.C. §1692e by misrepresenting that they had the right or legal authority to collect payment on the Debt from Plaintiff and others similarly situated when, in fact, they did not.

88. Under the New Jersey Consumer Finance Licensing Act, "consumer lenders;" defined as "a person licensed, or a person who should be licensed, under [N.J.S.A §§ 17:11C *et seq*.] to engage in the consumer loan business; are prohibited from "engag[ing] in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act" N.J.S.A. § 17:11C-3. Moreover, the NJCFLA specifies that "[a]ny person directly or indirectly engaging in the business . . . of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." *Id*. § 17:11C-2. Based on these criteria PCB is a "consumer lender" under the NJCFLA.

89. A debt collector's representation in a collection letter that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, 15 U.S.C. §1692e(10). *See, e.g.*, Veras v. LVNV Funding, LLC, 2014 WL 1050512, at *6 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt."). Moreover, as U.S. District Judge Robert B. Kugler explained in Veras, "it would strain logic to conclude that if a debt collector is prohibited from engaging in debt collection activity in a state, he avoids the risk of liability under the FDCPA so long as he conceals this fact and does not make any representation that he actually has debt collection authority." 2014 WL 1050512, at *5.

90. Defendants misrepresented the legal status of the Debt in violation of 15 U.S.C. §1692e(2)(A) by sending a collection letter seeking payment of the Debt when they were not licensed to purchase the debt in the first place.

91. 15 U.S.C. §1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount or legal status of a debt. Defendants violated 15 U.S.C. §1692e(2)(A) by making false representations of the character and legal status of the debt in Exhibit A because Defendants were prohibited from purchasing the Debt or charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

92. The violations of the FDCPA described herein constitute *per se* violations.

93. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was mailed and directed to her.

11

94. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff.

95. Be reason thereof, Defendants are liable to Plaintiff and the proposed class for judgment that Defendants' conduct violated 15 U.S.C. §1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k

## CLASS ALLEGATIONS

96. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

97. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

98. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from FNCB in a form materially identical or substantially similar to letters attached as <u>Exhibit A</u> to the Complaint (d) concerning a debt owned by PCB, which originated with Verizon Wireless (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (g) which contained at least one of the alleged violations of 15 U.S.C. §1692 *et seq.* herein.

99. The class definition above may be subsequently modified or refined.

100. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court

Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

101. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendants alleged violations involve a computer-generated form letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

   iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the

13

same conduct, practice, and procedure, on the part of the Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

102. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

103. A class action is superior for the fair and efficient adjudication of this matter, in that:

    i. Individual actions are not economically feasible;

    ii. Members of the class are likely to be unaware of their rights;

    iii. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that FNCB and PCB violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10);

3. An award of statutory damages for Yolanda Jackson and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
October 4, 2017

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 6873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____
Ryan Gentile