## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re LVNV Funding LLC Fair Debt Collection Practices Act Litigation | **Civil Action No. 2:16-cv-01117-SDW-SCM** (and consolidated cases 2:16-cv-01235-JLL-JAD (D.N.J.) 2:17-cv-00390-JMV-JBC (D.N.J.) 2:17-cv-02833-WJM-MF (D.N.J.) BER-L-003515-17 (N.J. Super. Ct. Law Div.) 2:17-cv-04567-MCA-LDW (D.N.J.) 3:17-cv-6121-PGS-TJB (D.N.J.) 2:17-cv-6122-JMV-JBC (D.N.J.) 2:17-cv-6204-SDW-LDW (D.N.J.) 2:17-cv-6250-SDW-LDW (D.N.J.) 3:17-cv-06251-MAS-TJB (D.N.J.) 2:17-cv-6278-JLL-JAD (D.N.J.) 2:17-cv-6279-JLL-JAD (D.N.J.) 2:17-cv-07842-JMV-SCM (D.N.J.) 2:17-cv-07891-MCA-SCM (D.N.J.) 2:18-cv-01521-KM-JBC (D.N.J.)) |
| | **AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having been brought before the Court to conduct a preliminary review to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Classes, to address the appointment of Class Counsel and Class Representatives, to provide Notice to the Settlement Classes, and to schedule a Fairness Hearing; and the Plaintiffs and Settlement Class Members being represented by Plaintiffs' counsel and Defendants being represented by its attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the Memorandum in Support of the Motion for Preliminary Approval of Class Action Settlement,

and the declaration(s) submitted in support of the motion, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.      On February 26, 2016, Plaintiff Victoria Lopez commenced this action (ECF No. 1), which was later amended on April 27, 2016 (ECF No. 19). *Lopez* alleged, *inter alia*, alleged that Defendants Faloni & Associates, L.L.C. a/k/a Law Offices of Faloni & Associates, LLC; David A. Faloni, Sr.; David A. Faloni, Jr.; LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P.; and Alegis Group, LLC committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* by attempting to collect debts when LVNV Funding LLC was not licensed by the New Jersey Department of Banking and Insurance pursuant to the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-1 *et seq.* ("NJCFLA").

2.      On March 3, 2016, Plaintiff Irina Chernyakhovskaya filed a complaint, at Docket No. 2:16-cv-01235-JLL-JAD, as a class action and against Defendants Resurgent Capital Services, L.P., and LVNV Funding LLC in this Court.

3.      On January 19, 2017, Plaintiff Rubier Betancourt filed a complaint, at Docket No. 2:17-cv-00390-JMV-JBC, as a class action and against Defendants LVNV Funding LLC, Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and J.C. Christensen & Associates, Inc., in this Court.

4.      On April 16, 2017, Plaintiff Gladys Espinal filed a complaint, at Docket No. 2:17-cv-02833-WJM-MF, as a class action and against Defendants First National Collection Bureau, Inc., and LVNV Funding LLC, in this Court.

5.    On May 12, 2017, Plaintiff Luisa A. Martinez filed a complaint, at Docket No. BER-L-003515-17, as a class action and against Defendants LVNV Funding LLC, Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and First National Collection Bureau, Inc., in the Superior Court of New Jersey.

6.    On June 21, 2017, Plaintiff Luis A. Rodriguez-Ocasio filed a complaint, at Docket No. 2:17-cv-04567-MCA-LDW, as a class action and against Defendants LVNV Funding LLC, Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and Global Credit & Collection Corp., in this Court.

7.    On August 14, 2017, Plaintiff Sammy Burgos filed a complaint, at Docket No. 3:17-cv-06121-PGS-TJB, as a class action and against Defendants Resurgent Capital Services, L.P., and LVNV Funding LLC in this Court.

8.    On August 14, 2017, Plaintiff Joseph Henriguez filed a complaint, at Docket No. 2:17-cv-06122-JMV-JBC, as a class action and against Defendants Allied Interstate LLC and LVNV Funding LLC in this Court.

9.    On August 16, 2017, Plaintiff Wendy Lugo filed a complaint, at Docket No. 2:17-cv-06204-SDW-LDW, as a class action and against Defendants Capital Management Services, LP, and LVNV Funding LLC in this Court.

10.    On August 18, 2017, Plaintiff Yensy Orbea filed a complaint, at Docket No. 2:17-cv-06250-SDW-LDW, as a class action and against Defendants Dynamic Recovery Solutions, LLC, and LVNV Funding LLC in this Court.

11.    On August 18, 2017, Plaintiff David Uriarte filed a complaint, at Docket No. 3:17-cv-06251-MAS-TJB, as a class action and against Defendant Stenger & Stenger, P.C., in this Court.

12.    On August 20, 2017, Plaintiff Jader Ferreira filed a complaint, at Docket No. 2:17-cv-06278-JLL-JAD, as a class action and against Defendants Frontline Asset Strategies, LLC, and LVNV Funding LLC in this Court.

13.    On August 21, 2017, Plaintiff Francisco Gomez filed a complaint, at Docket No. 2:17-cv-06279-JLL-JAD, as a class action and against Defendants Nations Recovery Center, Inc., and LVNV Funding LLC in this Court.

14.    On October 3, 2017, Plaintiff Robert Little filed a complaint, at Docket No. 2:17-cv-07842-JMV-SCM, as a class action and against Defendants LVNV Funding LLC, Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and Alltran Financial, LP, in this Court.

15.    On October 4, 2017, Plaintiff Yolanda Jackson filed a complaint, at Docket No. 2:17-cv-07891-MCA-SCM, as a class action and against Defendants First National Collection Bureau, Inc., and Pinnacle Credit Services, LLC, in this Court.

16.    On February 2, 2018, Plaintiff Melizza B. Delgado filed a complaint, at Docket No. 2:18-cv-01521-KM-JBC, as a class action and against Defendants LVNV Funding LLC; Sherman Originator, LLC; Resurgent Capital Services, L.P.; Alegis Group, LLC; and Credit Control, LLC, in this Court.

17.    On November 19, 2018, by way of Order to Consolidate, all cases were consolidated into this *Lopez* action at Docket No. 2:16-cv-01117-SDW-SCM (the "Lawsuit").

18.    Defendants have denied any and all liability alleged by the Plaintiffs.

19.    As a result of arm's-length negotiations between Plaintiffs and Defendants, the Parties reached a global class-wide settlement that provides, among other relief, account credits, and monetary relief to the Settlement Class Members.

20.     Plaintiffs now request preliminary approval of the Settlement Classes pursuant to Fed. R. Civ. P. 23(b)(3).

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

21.     The motion for Preliminary Approval of the proposed settlement is GRANTED, and the Parties are hereby ordered to comply with the schedule as set forth in this Order and to comply with the terms of the Settlement Agreement.

22.     The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

23.     Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Classes are certified for purposes of settlement:

*Class One.*         *Lopez v. Faloni & Associates, L.L.C., 2:16-cv-01117-SDW-SCM (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning February 26, 2015 through April 5, 2017, Faloni & Associates, L.L.C., attempted to collect on behalf of LVNV Funding LLC.

*Class Two.*         *Chernyakhovskaya v. Resurgent Capital Services L.P., 2:16-cv-01235-JLL-JAD (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning March 3, 2015 through April 5, 2017, Resurgent Capital Services, L.P., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Citibank (South Dakota), N.A.

*Class Three.*         *Betancourt v. LVNV Funding LLC, 2:17-cv-00390-JMV-JBC (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning January 19, 2016 through April 5, 2017, J.C. Christensen & Associates, Inc. sent one or more letters in an attempt to collect a debt on behalf of LVNV Funding LLC.

*Class Four.*         *Espinal v. First National Collection Bureau Inc., 2:17-cv-02833-WJM-MF (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning April 16, 2016 through April 5, 2017, First National Collection Bureau, Inc., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Credit One Bank, N.A.

*Class Five.*         *Martinez v. LVNV Funding LLC, BER-L-003515-17 (N.J. Super. Ct. Law Div.)*—All natural persons with addresses in the State of New Jersey against whom, beginning May 12, 2016 through April 5, 2017, First National Collection Bureau, Inc. attempted to collect a consumer debt on behalf of LVNV Funding LLC.

*Class Six.*        *Rodriguez-Ocasio v. LVNV Funding LLC, 2:17-cv-04567-MCA-LDW (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning June 21, 2016 through April 5, 2017, Global Credit & Collection Corp. attempted to collect a consumer debt on behalf of LVNV Funding LLC.

*Class Seven.*        *Burgos v. Resurgent Capital Services, L.P., et al., 3:17-cv-6121-PGS-TJB (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 14, 2016 through April 5, 2017, Resurgent Capital Services, L.P., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Chase Bank USA, N.A

*Class Eight.*        *Henriquez v. Allied Interstate LLC, et al., 2:17-cv-6122-JMV-JBC (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 14, 2016 through April 5, 2017, Allied Interstate LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Sears National Bank.

*Class Nine.*        *Lugo v. Capital Management Services, L.P., et al., 2:17-cv-6204-SDW-LDW (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 16, 2016 through April 5, 2017, Capital Management Services, LP, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to First Premier Bank.

*Class Ten.*        *Orbea v. Dynamic Recovery Solutions, LLC, et al., 2:17-cv-6250-SDW-LDW (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 18, 2016 through April 5, 2017, Dynamic Recovery Solutions, LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to World Financial Network National Bank.

*Class Eleven.*        *Uriarte v. Stenger & Stenger, P.C., 3:17-cv-06251-MAS-TJB (D.N.J.)*—All natural persons with addresses in New Jersey to whom, beginning August 18, 2016 through April 5, 2017, Stenger & Stenger, P.C., sent one or more letters on behalf of LVNV Funding LLC concerning a debt

*Class Twelve.*        *Ferreira v. Frontline Asset Strategies, LLC, et al., 2:17-cv-6278-JLL-JAD (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 20, 2016 through April 5, 2017, Frontline Asset Strategies, LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Credit One Bank, N.A.

*Class Thirteen.*        *Gomez v. Nations Recovery Center, Inc., et al., 2:17-cv-6279-JLL-JAD (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning August 21, 2016 through April 5, 2017, Nations Recovery Center, Inc.,

sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Citibank (South Dakota), N.A.

***Class Fourteen.*** ***Little v. LVNV Funding LLC, 2:17-cv-07842-JMV-SCM (D.N.J.)***—All natural persons with addresses in the State of New Jersey against whom, beginning October 3, 2016 through April 5, 2017, Alltran Financial, LP attempted to collect a consumer debt on behalf of LVNV Funding LLC.

***Class Fifteen.*** ***Jackson v. First National Collection Bureau, Inc., 2:17-cv-07891-MCA-SCM (D.N.J.)***—All natural persons with addresses in the State of New Jersey to whom, beginning October 4, 2016 through April 5, 2017, First National Collection Bureau, Inc., sent one or more letters on behalf of Pinnacle Credit Services, LLC, concerning a debt originally owed to Verizon Wireless.

***Class Sixteen.*** ***Delgado v. LVNV Funding, LLC, 2:18-cv-01521-KM-JBC (D.N.J.)***—All natural persons with addresses in the State of New Jersey against whom, beginning February 2, 2017 through April 5, 2017, Credit Control, LLC, attempted to collect a consumer debt on behalf of LVNV Funding, LLC.

24.    The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Classes satisfy the prerequisites for class certification in that:

    a.   The 427,726 members of the above defined Settlement Classes are so numerous that joinder of all members is impracticable.

    b.   There are questions of law and fact common to the Settlement Classes.

    c.   The claims of the Class Representatives (appointed below) are typical of the claims of the Settlement Classes.

    d.   The Class Representatives fairly and adequately represent the interests of the Settlement Classes. There are no conflicts of interest between the Class Representatives and members of the Settlement Classes.

    e.   Questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members of the Settlement Classes.

    f.   Certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of this controversy.

25.    The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them, the risk and delay inherent in litigation, and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

26.    Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiffs Victoria Lopez, Irina Chernyakhovskaya, Rubier Betancourt, Gladys Espinal, Luisa A. Martinez, Luis A. Rodriguez-Ocasio, Sammy Burgos, Joseph Henriquez, Wendy Lugo, Yensy Orbea, David Uriarte, Jader Ferreira, Francisco Gomez, Robert Little, Yolanda Jackson, and Melizza B. Delgado fairly and adequately represent and protect the interests of the Settlement Classes and appoints them as Class Representatives.

27.    Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Yongmoon Kim of Kim Law Firm LLC as Lead Class Counsel; and Joseph K. Jones of Jones, Wolf & Kapasi, LLC; Lawrence C. Hersh; Eileen L. Linarducci of the Law Office of Ronald I. LeVine; and Ryan Gentile of the Law Offices of Gus Michael Farinella, PC, as Additional Class Counsel (collectively "Class Counsel").

28.    The Settlement Agreement provides in part for Defendants to (1) retain the Settlement Administrator mutually selected by the Parties; (2) establish a settlement fund in the amount set forth in the Settlement Agreement; (3) pay the Class Representatives' individual statutory damages and service payments, subject to approval by the Court; and (4) pay Plaintiffs' reasonable counsel fees, costs, and expenses, subject to approval by the Court.

29.    The Parties have selected Heffler Claims as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the settlement according to the terms set forth in the Settlement Agreement and as ordered herein.

30.    No later than seven (7) days after the entry of this Order, Defendants shall provide the Settlement Administrator with an electronic database containing the identifying information of Settlement Class Members pursuant to the Settlement Agreement.

31.    The costs of administering the settlement, including but not limited to formatting and printing the Class Notice, updating the database and mailing the Class Notice, and issuing and mailing the settlement checks, shall be paid by Defendants, and such payment shall not reduce or diminish in any way the relief to be paid to Plaintiffs or the Settlement Classes as identified in the Settlement Agreement.

32.    The Court finds that the mailing and distribution of the Settlement Class Notice ("Notice") attached as Exhibit B in the manner set forth herein and the Settlement Agreement, as well as the establishment of a settlement website which will publish the online notice attached as Exhibit C, is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order and the settlement to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

33.    The Settlement Administrator shall cause the Notice to be postmarked and mailed to all Settlement Class Members in accordance with the terms of the Settlement Agreement no later than October 16, 2019.

34.    Any Settlement Class Member may elect to be excluded from the Settlement and from the Settlement Classes by opting out of the Settlement Classes. Those who desire to exclude themselves must submit to the Settlement Administrator at the address set forth in the

Notice, a signed Request for Exclusion that includes their name, address, and a statement requesting exclusion from the Settlement Classes in accordance with the terms set forth in the Settlement Agreement. To be effective, a Request for Exclusion must be received by the Settlement Administrator by no later than thirty-five (35) days after the deadline for mailing the Notice or the next business day thereafter if that day is on a weekend or holiday (November 20, 2019).

35.    By no later than seven (7) days after the deadline for objections and exclusions, the Settlement Administrator shall: (a) deliver to Class Counsel and to Defendants' Counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determination of whether each Request for Exclusion was timely received; and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

36.    All Settlement Class Members who do not submit a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement, the Final Judgment, and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Class. All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement. Any member of the Settlement Class who excludes himself or herself from the Settlement Class cannot formally object to the terms of the settlement.

37.    No later than ten (10) days after the filing of the motion for Preliminary Approval, Defendants shall serve the Notifications to appropriate officials as required by the Class Action

Fairness Act (28 U.S.C. §§ 1332(d), 1715), and simultaneously copy Class Counsel on that communication.

38.    A Fairness Hearing shall be held before this Court at __11__ (a.m. or p.m., on _Wed., January 22, 2020_ (the day at least 110 days after the entry of this order or sometime that week), at the United States Courthouse, District of New Jersey, 50 Walnut Street, Newark, New Jersey on the proposed Settlement including: (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate, and issue an Order dismissing the Complaint with prejudice; (b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and (c) whether to approve the incentive payment to Plaintiffs. This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

39.    By no later than twenty-one (21) days prior to the date of the Fairness Hearing, the Settlement Administrator shall file with the Court and provide copies to Class Counsel and Defendants' counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement.

40.    Class Counsel shall file and serve its application for final approval of the settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representatives' incentive payments no later than seven (7) days prior to the date of the Final Fairness Hearing.

41.    Any member of the Settlement Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and incentive payment to the Class

Representatives provided, however, no person shall be heard in opposition to the proposed

Settlement or the award, and no paper or brief submitted by such person shall be received or

considered by the Court unless such person has timely filed with the court a written objection

and sent a copy to Class Counsel, Defendants' Counsel and the Court in the manner described in

the Notice.

42.    Objections not conforming to the requirements set forth in the Notice shall be

stricken and shall not be considered or heard by this Court. To be effective, a written objection

must contain a statement of each objection being made; a description of the facts and legal basis

for each objection; a statement of whether the objector intends to appear at the Fairness Hearing;

a list of witnesses whom the objector may call by live testimony, oral deposition testimony or

affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during

the Fairness Hearing, along with copies of all of the exhibits, and it must be received by the

Court, Class Counsel and Defendants' Counsel by no later than thirty-five (35) days after the

deadline for mailing the Notice or the next business day thereafter if that day is on a weekend or

holiday (November 20, 2019).

43.    In the event that the Settlement Agreement is not approved by the Court, or if

approval of the Settlement Agreement, including the entry of the Preliminary Approval Order or

the Final Order and Judgment, is reversed or modified on appeal (except for the modification of

any attorney's fee award), or any one of the conditions set forth in the Settlement Agreement is

not met, then the Preliminary Approval Order and the Final Order and Judgment, including, but

not limited to, the preliminary class certification entered to effectuate the Settlement Agreement,

and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio*

without further order of the Court, and become null and void and of no force and effect, and in

such event all *status quo ante* rights and positions of the Parties shall in all respects be unaffected

and preserved, as shall all rights of Plaintiffs and the Settlement Class to continue to proceed

with the litigation.

   **IT IS SO ORDERED.**

Dated: _____    _____

                              HONORABLE SUSAN D. WIGENTON
                              UNITED STATES DISTRICT JUDGE